COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-169-CR

 

 

RALPH FRANKLIN WELSH                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Ralph Franklin Welsh
of assault causing bodily injury to a family or household member with a prior
conviction for the same offense and assessed his punishment at eighteen years=
confinement.  See Tex. Penal Code
Ann. ' 22.01(a)(1),
(b)(2) (Vernon Supp. 2008).  In a single
point, Welsh argues that the trial court committed reversible error by refusing
to charge the jury on the offense of assault by contact.  We will affirm.

Welsh and C.W. are married with
seven-and-one-half-year-old twins.  C.W.
has two teenaged daughters from a prior relationship.  One of them, Casandra,[2]
lives with Welsh, C.W, and the twins in Keller.








On September 8, 2007, C.W. returned home from
grocery shopping and encountered Welsh, who was drinking wine, getting loud,
swearing, and Aobviously inebriated.@  Welsh hollered at the children to Ashut up,@ and he
called C.W.=s daughters Alittle
bitches.@  Welsh called C.W. an AF=ing
bitch@ and a Awhore,@ and he
told C.W. that she needed to give him money. 
C.W. told Welsh that she and the children were leaving, but Welsh
responded, AYou can go.  You can take your whores with you, but my
kids aren=t going.@  Welsh grabbed their son, T.W.; said, AHe=s not
going@; and
pulled him into the bedroom where he Aslammed@ T.W.
onto the bed, pinned him down with his body, and said, AHe=s not
going anywhere.@ 
When C.W. reached over to pick up T.W., Welsh hollered out and kicked
her in the chest with his foot.  The
strike took C.W.=s breath away, knocked her back
about three feet, and caused her pain. 
Casandra came to the bedroom and tried to grab T.W., but Welsh shoved
her to the floor and called her a Astupid
bitch.@  Casandra and T.W. managed to get away from
Welsh while C.W. Aran interference@ for
them.

When C.W. attempted to retrieve her purse and
keys so that she could take the children away from the house to a safer place,
Welsh told her that he was going to Aknock
[her] teeth down [her] throat.@  Scared, C.W. attempted to retrieve a knife
from a kitchen drawer Ato keep [Welsh] from assaulting
[her],@ but
Welsh kicked the drawer about four times, breaking it to Asmithereens.@  Welsh also kicked C.W. in the stomach with
his foot when she tried to get to the back door.  The kick caused her pain.  C.W. managed to exit the house through the
laundry room.  The police arrived and
eventually arrested Welsh.  At trial, the
trial court denied Welsh=s request to charge the jury on
the offense of assault by contact.  See
id. ' 22.01(a)(3)
(Vernon Supp. 2008).








We use a two-step analysis to determine whether
an appellant was entitled to a lesser-included offense instruction.  Hall v. State, 225 S.W.3d 524, 528 (Tex.
Crim. App. 2007); Rousseau v. State, 855 S.W.2d 666, 672B73 (Tex.
Crim. App.), cert. denied, 510 U.S. 919 (1993).  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.  Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon
2006); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  Under article 37.09(1), an offense is a
lesser-included offense if it is established by proof of the same or less than
all the facts required to establish the commission of the offense charged.  Tex. Code Crim. Proc. Ann. art. 37.09(1); see
also Hall, 225 S.W.3d at 536.  This
inquiry is a question of law.  Hall,
225 S.W.3d at 535.  It does not depend on
the evidence to be produced at trial but is performed by comparing the elements
of the offense as they are alleged in the indictment or information with the
elements of the potential lesser-included offense.  Id. at 525, 535B36.

Penal code section 22.01(a) provides that a
person commits assault if he

(1) intentionally,
knowingly, or recklessly causes bodily injury to another, including the person=s spouse;

 

(2) intentionally or
knowingly threatens another with imminent bodily injury, including the person=s spouse; or

 

(3) intentionally or
knowingly causes physical contact with another when the person knows or should
reasonably believe that the other will regard the contact as offensive or
provocative.

 

Tex. Penal Code Ann. ' 22.01(a)(1),
(2), (3).  An offense under subsection
(1) is a Class A misdemeanor; an offense under subsection (3) is a Class C
misdemeanor.  Id. ' 22.01(b),
(c).








Here, Welsh was charged under subsection (1) with
Aintentionally
or knowingly caus[ing] bodily injury to [C.W.], a member of the defendant=s family
or household, by kicking her with his foot.@[3]  To establish that Welsh intentionally or
knowingly caused bodily injury to C.W. by kicking her with his foot, the State
was not required to prove that Welsh knew or reasonably should have believed that
C.W. would regard the contact as offensive or provocative.  Compare Tex. Penal Code Ann. ' 22.01(a)(1)
with ' 22.01(a)(3).  Because assault by contact is not established
by proof of the same or less than all the facts required to establish the
commission of assault causing bodily injury, assault by contact under
subsection (3) is not, under the circumstances of this case, a lesser-included
offense of assault causing bodily injury under subsection (1).  See Tex. Code Crim. Proc. Ann. art.
37.09(1); Hall, 225 S.W.3d at 536; Pham v. State, No.
02-06-00297-CR, 2008 WL 45763, at *2 (Tex. App.CFort
Worth Jan. 3, 2008, pet. ref=d) (mem.
op., not designated for publication) (holding same).

We hold that the trial court did not err by
refusing to charge the jury on assault by contact under subsection (3).  Accordingly, we overrule Welsh=s sole
point and affirm the trial court=s
judgment.

 

PER CURIAM

PANEL:  MEIER, LIVINGSTON, and
DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]We use an alias to refer
to this child.





[3]The trial court charged
the jury accordingly.